UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JENNIFER DONOHUE, individually and as the
Administratrix of the Estate of Scott Donohue,

                Plaintiffs,

          -against-

JOSEPH WING, MICHAEL MCGOWAN,
individually and in their official capacity, and
THE VILLAGE OF HEMPSTEAD,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**
9/17/2018 2:32 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
17-CV-03870 (JMA)(AKT)

**AZRACK, United States District Judge:**

    This case concerns the untimely and tragic death of Scott Donohue ("Lieut. Donohue"), a lieutenant with the Village of Hempstead Police Department, who committed suicide on September 12, 2016. Jennifer Donohue ("Mrs. Donohue"), Lieut. Donohue's wife, brought this action under 42 U.S.C. § 1983 in her individual capacity and as the administratrix of the Estate of Lieut. Donohue (collectively "plaintiffs"). Plaintiffs allege that defendants violated Lieut. Donohue's Fourteenth Amendment substantive due process rights by failing to take appropriate action to prevent his suicide. Mrs. Donohue also alleges a substantive due process/intimate association claim. Defendants filed their motion to dismiss plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. I referred defendants' motion to Magistrate Judge Tomlinson for a Report and Recommendation (R&R). On August 17, 2018 Judge Tomlinson issued an R&R recommending that defendants' motion to dismiss plaintiffs' complaint be granted. On August 30, 2018, plaintiffs filed objections to Judge Tomlinson's R&R, arguing that Judge Tomlinson erred because the R&R: (1) does not consider the extent to which defendants created a

1

danger to Lieut. Donohue; (2) improperly determined that Lieut. Donohue and defendants were not in a special relationship for purposes of a due process claim; (3) improperly determined that withholding tools from police officers to combat mental health crises while at the same time increasing the risks of suicide for officers is not conscience-shocking behavior; (4) improperly determined that the rights at issue were not clearly established; (5) improperly determined that defendants did not violate plaintiffs' rights so the Monell claims should be dismissed; and (6) improperly determined the point of accrual for the due process claim against defendant Wing. On September 7, 2018, defendants filed their opposition to plaintiffs' objections.

In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, the instant objections and opposition to those objections and agree with Judge Tomlinson's comprehensive and well-reasoned R&R and accept it as the opinion of the Court. Accordingly, I grant defendants' motion to dismiss plaintiffs' complaint. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Date: September 17, 2018
Central Islip, New York

                                                                                                /s/ (JMA)
                                                                             Joan M. Azrack
                                                                             United States District Judge